# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL E. LOCKMAN, *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>PIONEER NATURAL RESOURCES USA, INC., *et al.*,<br><br>        Defendants. | **CV-20-67-GF-BMM**<br><br><br>**ORDER GRANTING MOTION TO INTERVENE** |
| MURPHY EXPLORATION & PRODUCTION COMPANY, *et al.*,<br>        Third-Party Plaintiffs,<br>vs.<br><br>BALLARD PETROLEUM HOLDINGS, LLC, et al.,<br>        Third-Party Defendants. | |
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br>        Intervenor. | |

The United States Fidelity and Guaranty Company ("USFG") has moved to intervene as of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a), or in the alternative, permissively under FRCP 24(b). (Doc. 270.) Plaintiffs Michael E.

Lockman, Lockman, Inc., Dun O'Connor and Faith M. O'Connor ("Plaintiffs") take no position on the motion because all of their claims related to this case have been settled and dismissed. (Doc. 270 at 4–5.) Defendants and Third-Party Plaintiffs Murphy Exploration & Production Co., Murphy Oil USA, Inc., Murphy Oil Corporation ("Murphy Entities") do not oppose USFG's Motion to Intervene. (Doc. 270 at 4.)  Third-Party Defendant Ballard Petroleum Holdings, LLC does not oppose USFG's Motion to Intervene. (Doc. 276.)

## BACKGROUND

Plaintiffs filed this action against Defendants Pioneer Natural Resources USA, Inc. ("Pioneer"), Murphy Entities and John Does 1-30 ("Defendants"). (Doc. 1.) Plaintiffs own property near the East Poplar Oilfield on the Fort Peck Indian Reservation. (*Id.*, ¶ 11.) Plaintiffs alleged that Defendants contaminated the groundwater in the East Poplar Oilfield and Poplar area alluvium and glacial till by disposing of brine, crude oil, and other contaminants in unlined pits and by operating wells and pipelines that were improperly constructed, designed, or plugged. (*Id.*, ¶ 17.) Plaintiffs asserted claims for nuisance, trespass, negligence, strict liability, wrongful occupation, and punitive damages. (*Id.*, ¶¶ 29–60.) Murphy Entities asserted a crossclaim against Pioneer and a third-party complaint against Ballard Petroleum Holdings, LLC ("Ballard"). (Doc. 20; Doc. 23.) Pioneer asserted a

crossclaim against Murphy Entities. (Doc. 26.) Ballard Petroleum asserted a counterclaim against Murphy Entities. (Doc. 40.)

The Court bifurcated Murphy Entities' claim against Ballard for indemnification and defense of Plaintiffs' claims. (Doc. 51 at 2.) The Court also bifurcated Ballard's counterclaim against Murphy Entities alleging claims for indemnification and breach of representations and warranties. (*Id.*) The Court stayed the bifurcated claims and compelled arbitration of those claims in accordance with Murphy Entities and Ballard's purchase and sale agreement on April 14, 2021. (*Id.*)

All parties have stipulated to the dismissal of their claims except for Murphy Entities and Ballard. (See Doc. 74; Doc. 248; Doc. 257; Doc. 261.) Ballard filed a motion to lift the stay and for judicial review of a non-arbitrable legal issue on July 7, 2023. (Doc. 262.) USGF filed a motion to intervene on August 14, 2023. (Doc. 270.) Murphy Entities had tendered the defense of Plaintiffs' claims to USFG. (Doc. 270-1, ¶ 3.) The arbitration panel determined that Ballard possessed a duty to indemnify and defend Murphy Entities against the claims made by Plaintiffs. (*Id.*, ¶ 8.) Ballard has contested Murphy Entities' recovery of fees/costs paid by Murphy Entities' insurer, USFG, arguing that an indemnitee cannot recover costs paid by the indemnitee's insurer. (Doc. 262 at 8.) USFG argues that it meets the standard for intervention as of right and permissive intervention under Rule 24 of the Federal Rules of Civil Procedure. (Doc. 271 at 3.)

## STANDARD OF REVIEW

Rule 24 of the Federal Rule of Civil Procedure permits two types of intervention—intervention as of right and permissive intervention. The Court must allow a party to intervene under Fed. R. Civ. P. 24(a) if the party files a timely motion and:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Court may allow a party to intervene under Fed. R. Civ. P. 24(b) if the party files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## DISCUSSION

### I.    Whether USFG meets the requirements for intervention as a matter of right.

The Ninth Circuit applies a four-part test to determine whether a party has a right to intervene under Fed. R. Civ. P. 24(a)(2). The proposed intervenor must demonstrate the following: (1) the application for intervention is timely; (2) the applicant claims a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties inadequately represent the applicant's interest. *Wilderness*

4

*Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th 2011). Courts generally construe Fed. R. Civ. P. 24(a) liberally in favor of intervention and are "guided primarily by practical considerations and equitable considerations." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

### a.  Whether USFG's motion for intervention is timely.

The Court considers three factors to determine whether a motion for intervention proves timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). A court may consider the time elapsed since the proceeding's initiation, how much activity has yet occurred in the case, and whether the district court has issued substantive rulings in the case when analyzing the "stage of the proceeding" factor. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016); *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999). A "[m]ere lapse of time alone is not determinative." *L.A. Unified Sch. Dist.*, 830 F.3d at 854 (quoting *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (internal quotation marks omitted)). Rather, "the crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *L.A. Unified Sch. Dist.*, 830 F.3d at 854 (quoting *Marsh*, 194 F.3d at 1052 (internal quotation marks omitted)).

Plaintiffs filed this action on June 27, 2020. (Doc. 1) USFG filed their motion for intervention on August 14, 2023, years after the initial filing of the case. (Doc. 270.) Substantial time has elapsed, and substantial activity has occurred in the case, as evidenced by most of the parties having already settled and dismissed their claims. USFG correctly notes, however, that the claims on which USFG seeks intervention have been stayed since April 14, 2021. (Doc. 271 at 9.) The Court bifurcated the claims between Murphy Entities and Ballard and compelled the parties to arbitrate those claims. (Doc. 51.) USFG further lacked a reason to intervene until Ballard contested Murphy Entities' ability to recover from the contractual indemnitor, Ballard, costs/fees paid by Murphy Entities' insurer, USFG. Ballard contested that matter on July 7, 2023, when Ballard filed its motion to lift the stay. (Doc. 262.) USFG filed their motion to intervene approximately five weeks after their interest in the claims became apparent. USFG's motion to intervene at an advanced stage in the proceeding appears excusable given that the claims USFG seeks to intervene on have been stayed for most of the litigation.

The parties will not suffer prejudice if the Court grants USFG's motion to intervene. Parties are prejudiced by intervention if it will "inject new issues into the litigation," *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007),

and "would complicate the issues and prolong the litigation." *United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996). USFG seeks to address an issue already placed before the Court by Ballard's Motion to Lift Stay. (Doc. 262.) Ballard's and Murphy Entities' failure to oppose USFG's intervention also evidence the lack of prejudice intervention would cause. USFG's intervention would not cause unreasonable delay or complication.

Regarding the third factor, a party seeking to intervene must act as soon as it "knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) (quoting *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir. 1989) (internal quotation marks omitted)). USFG moved to intervene approximately five weeks after Ballard moved to lift the stay. USFG's interests were not implicated prior to Ballard's motion. The Court has no reason to believe that USFG did not act as soon as it knew or had reason to know that its interests might be adversely affected by these proceedings.

### b. Whether USFG has a significant protectable interest in the subject of the proceedings.

USFG possesses a significantly protectable interest in this case. Whether an applicant for intervention demonstrates sufficient interest in an action presents a practical, threshold inquiry. *United States v. City of Los Angeles*, 288 F.3d 391,

398 (9th Cir. 2002) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). The interest test serves "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *City of Los Angeles*, 288 F.3d at 398 (quoting *Cnty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)). No specific legal or equitable interest need be established. *Greene*, 996 F.2d at 976.

Applicants must demonstrate "a 'significantly protectable' interest relating to the property or transaction which is the subject of the action." *Wilderness Soc'y*, 630 F.3d at 1177 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). An interest generally qualifies as a "significantly protectable" interest where the interest asserted is protectable under some law and a relationship exists between the legally protected interest and the claims at issue. *Wilderness Soc'y*, 630 F.2d at 1179 (quoting *Sierra Club*, 995 F.2d at 1484.).

USFG possesses a significantly protectable interest in the fees and costs that Murphy Entities could potentially recover from Ballard. USFG paid over $2.1 million to defend Murphy Entities against Plaintiffs' claims. Montana law provides that "[a]n insurer who has indemnified its insured usually is subrogated to the insured's rights of recovery against a third party who is responsible for the loss." *Van Orden v. United Servs. Auto. Ass'n*, 318 P.3d 1042, 1045 (Mont. 2014). The interest asserted by USFG—a right to

subrogation by an insurer—proves protectable under Montana law. *Id.* The interest relates to the claims that are the subject of this action. Murphy Entities will recover from Ballard the costs that USFG paid to defend Murphy Entities if Ballard does not succeed in their argument. USFG could then recover these costs from Murphy Entities. Murphy Entities will not recover from Ballard the costs that USFG paid to defend Murphy Entities if Ballard succeeds in their argument before the Court. This would prevent USFG from recovering anything through subrogation. A relationship exists between the legally protected interest and the claims at issue. USFG possesses a significantly protectable interest in the subject of this action.

**c. USFG's absence from the proceedings will impair its ability to protect its interests, and the existing parties do not adequately represent USFG's interest.**

The Court considers three factors to determine whether existing parties will adequately represent the proposed intervenor's interests. The Court considers "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that the other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). The burden to demonstrate that existing parties may not

adequately represent a party's interests "is minimal and is satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Helena Hunters & Anglers Ass'n v. Marten*, No. CV 19-17-M-DLC, 2019 U.S. Dist. LEXIS 143056, at *6 (D. Mont. Aug. 22, 2019) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

USFG is not a party to the 2002 Purchase and Sale Agreement between Ballard and Murphy Entities that contained the arbitration clause. USFG is prohibited from participating in the arbitration proceedings because USFG is not a party to the arbitration agreement. USFG's absence from these proceedings will impair its ability to protect its interests because it cannot participate in the arbitration proceedings and Ballard and Murphy Entities do not adequately represent USFG's interests. Ballard's interest differs fundamentally from that of USFG. Ballard seeks to avoid paying the cost/fees to Murphy Entities that USFG hopes to recover through subrogation. Murphy Entities also already have received payment from USFG for the defense against Plaintiffs claims, which have now settled. Given that Murphy Entities know that USFG intends to pursue their right of subrogation, Murphy Entities' motivation to recover the fees and costs of the defense may be lessened. Even if Murphy Entities share some interests with USFG, Murphy Entities have

argued that the stay should remain in place and that the arbitration panel must refer the issue to the Court if the panel determines that the issue is beyond the scope of the arbitration agreement. USFG's interests in the proceeding are not adequately represented by this argument, as USFG cannot participate in the arbitration proceedings.

## CONCLUSION

USFG's motion for intervention proves timely. USFG has demonstrated a significantly protectable interest in the subject of this action. USFG further has demonstrated that proceeding with this action without USFG's participation may hinder USFG's ability to protect its interest and that the existing parties fail to adequately represent USFG's interest. No party has opposed USFG's intervention. USFG meets the requirements for intervention as of right under Rule 24(a)(2). Having found that USFG must be permitted to intervene, the Court will not consider USFG's alternative argument for permissive intervention.

## ORDER

Accordingly, **IT IS HEREBY ORDERED :**

1.  USFG's Motion to Intervene (Doc. 270) is **GRANTED**.

2. USFG is permitted to appear at the hearing on Ballard's Motion to Lift Stay (Doc. 262) scheduled for Monday, October 16, 2023, at 1:30 p.m. at the Paul Hatfield Federal Courthouse in Helena, Montana.

3. USFG will have fourteen (14) days after the hearing on Ballard's Motion to Lift Stay (Doc. 262) to file supplemental briefing.

DATED this 12th day of October, 2023.


_____

Brian Morris, Chief District Judge
United States District Court