# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL E. LOCKMAN, *et al.*, <br><br>     Plaintiffs, <br><br> vs. <br><br> PIONEER NATURAL RESOURCES USA, INC., *et al.*, <br><br>     Defendants. | CV-20-67-GF-BMM <br><br> **ORDER ON MOTION TO LIFT STAY** |
| MURPHY EXPLORATION & PRODUCTION COMPANY, *et al.*, <br>     Third-Party Plaintiffs, <br> vs. <br><br> BALLARD PETROLEUM HOLDINGS, LLC, et al., <br>     Third-Party Defendants. | |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, <br>     Intervenor. | |

Ballard Petroleum Holdings, LLC ("Ballard") has moved to lift the stay entered by the Court on April 14, 2021. (Doc. 51 at 2.) Defendants and Third-Party Plaintiffs Murphy Exploration & Production Co., Murphy Oil USA, Inc., and

1

Murphy Oil Corporation ("Murphy Entities") oppose Ballard's Motion to Lift Stay. (Doc. 272.) The Court held a hearing on Ballard's Motion to Lift Stay on October 16, 2023. (Doc. 283.) Robert Sterup and Shane Coleman appeared on behalf of Ballard. Anne Lewis and John Nelson appeared on behalf of Murphy Entities. Ryan Heuwinkel appeared on behalf of Intervenor United States Fidelity and Guaranty Company ("USFG").

## BACKGROUND

Plaintiffs Michael Lockman, Lockman Inc., and Faith and Dun O'Connor ("Plaintiffs") filed this action against Defendants Pioneer Natural Resources USA, Inc. ("Pioneer"), Murphy Entities, and John Does 1-30. (Doc. 1.) Plaintiffs own property near the East Poplar Oilfield on the Fort Peck Indian Reservation. (*Id.*, ¶ 11.) Plaintiffs alleged that Defendants contaminated the groundwater in the East Poplar Oilfield and Poplar area alluvium and glacial till by disposing of brine, crude oil, and other contaminants in unlined pits and by operating wells and pipelines that were improperly constructed, designed, or plugged. (*Id.*, ¶ 17.) Plaintiffs asserted claims for nuisance, trespass, negligence, strict liability, wrongful occupation, and punitive damages. (*Id.*, ¶¶ 29–60.) Murphy Entities asserted a crossclaim against Pioneer and a third-party claim against Ballard. (Doc. 20; Doc. 23.) Pioneer asserted a crossclaim against Murphy Entities. (Doc. 26.) Ballard asserted a counterclaim against Murphy Entities. (Doc. 40.)

The Court bifurcated Murphy Entities' claim against Ballard for indemnification and defense of Plaintiffs' claims. (Doc. 51 at 2.) The Court also bifurcated Ballard's counterclaim against Murphy Entities alleging claims for indemnification and breach of representations and warranties. (*Id.*) The Court stayed the bifurcated claims and compelled arbitration of those claims in accordance with Murphy Entities' and Ballard's 2002 purchase and sale agreement (PSA) on April 14, 2021. (*Id.*)

The arbitration panel determined that Ballard possessed a duty to indemnify and defend Murphy Entities against the claims made by Plaintiffs. (Doc. 270-1, ¶ 8.) Murphy Entities submitted a request for an interim award of damages in the arbitration proceeding. (Doc. 272 at 4.) Ballard discovered from Murphy Entities' fee invoices that Murphy Entities had tendered its defense regarding Plaintiffs' claims to USFG. (Doc. 263 at 9.) Ballard disputed that Murphy Entities could recover costs and fees that its insurer had paid. (*Id.* at 24.) Ballard filed its Motion to Lift Stay requesting that the Court decide the issue of whether an indemnitee could recover costs and fees from an indemnitor where the indemnitee's insurer paid those costs and fees. (*Id.*)

USFG sought to intervene to bring a claim against Ballard to recover the fees and costs that it paid to defend Murphy Entities. (Doc. 270.) The Court granted USFG's motion to intervene on October 13, 2023. (Doc. 281.) Ballard represented

both in its reply brief and at the hearing on the Motion to Lift Stay that USFG's intervention had mooted the Motion to Lift Stay. (Doc. 277 at 2.) All parties agreed that the stay could remain in place between Ballard and Murphy Entities while the arbitration proceedings continue. USFG and Ballard agreed that they could move forward with USFG's claim against Ballard despite the ongoing nature of the arbitration proceedings.

## CONCLUSION

Ballard has asserted that its Motion to Lift Stay has been mooted by USFG's intervention as of right. All parties at the hearing appeared to agree that claims between Ballard and Murphy Entities should be resolved by the arbitration panel and remain stayed in this Court. USFG and Ballard agreed that USFG's claims against Ballard could proceed while Murphy Entities and Ballard continue to arbitrate their claims against each other. The Court will deny Ballard's Motion to Lift Stay as moot. USFG can proceed with its claims against Ballard.

## ORDER

Accordingly, **IT IS HEREBY ORDERED :**

1. Ballard's Motion to Lift Stay (Doc. 262) is **DENIED** as moot.
2. USFG will have fourteen (14) days from the date of this order to file its complaint against Ballard.

3. Ballard will have twenty-one (21) days after service of the summons and complaint upon Ballard to file an answer.

4. Ballard and USFG ("parties") shall appear before the undersigned BY TELEPHONE on **December 6, 2023 at 1:30 p.m.**, MST, for the purpose of participating in a preliminary pretrial conference ("conference"). The call-in number is as follows: 877-402-9753; access code: 5136505.

5. Any party may commence discovery immediately upon providing the Rule 26(a)(1) Initial Disclosure to all opposing parties. Fed. R. Civ. P. 26(d).

6. If it is impossible for a party to attend the conference at the time set, application for an extension must be made by motion. The motion must state whether opposing party objects. The motion also must be accompanied by a proposed order resetting the conference. Requests to change the conference date will be granted for good cause shown.

7. The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case. Parties should prepare to take part in meaningful discussions of material contained in the pretrial statements. Each party to the case must be represented at the conference by at least one person with authority to enter stipulations. The case management plan, including trial date resulting from the conference, will not be subject to revisions absent compelling reasons.

8. On or before **November 24, 2023**, the parties shall meet and confer to consider matters listed in Fed. R. Civ. P. 26(f).

9. On or before **November 29, 2023**, the parties shall jointly file with the Court a written report outlining the discovery plan formulated at the conference. The discovery plan will require disclosure of all experts and shall address whether expert disclosures will be made simultaneously or sequentially. Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2)(B). As part of the discovery plan, the parties shall seek to identify and should be prepared to discuss in detail any electronic discovery stipulations or issues which may arise and a plan for electronic discovery. Fed R. Civ. P. 26(f)(3). In that regard the parties may find it useful to consider potential issues regarding electronic discovery such as those outlined in the Delaware Default Standard for Discovery of Electronically Stored Information ("E-Discovery") found at http://www.ded.uscourts.gov/sites/default/files/Chambers/SLR/Misc/EDiscov.pdf.

10. On or before **November 29, 2023**, the parties shall file a preliminary pretrial statement. See Fed. R. Civ. P. 26(a)(1). The statement shall address all matters listed in Federal Rule 26(a)(1) and all matters listed in Local Rules 16.2(b)(1), and 26.1.

11. On or before **November 29, 2023**, the parties shall file a Statement of Stipulated Facts. See Local Rule 16.2(b)(3).

DATED this 16th day of October, 2023.

_____
Brian Morris, Chief District Judge
United States District Court