# Exhibit F

Message
---

| | |
|---|---|
| **From**: | Meagher, Jeffrey J. [/O=KIRKPATRICK & LOCKHART/OU=KLEXCHANGE/CN=PITTSBURGH/CN=USERS/CN=MEAGHEJJ] |
| **Sent**: | 1/16/2023 3:21:26 PM |
| **To**: | Schlerf, Janis E [JSCHLERF@travelers.com] |
| **CC**: | Buckingham, Susan Lapadula [SBUCKING@travelers.com]; Downing, Tracy O [TODOWNIN@travelers.com]; Birsic, Thomas E. [/o=KIRKPATRICK & LOCKHART/ou=KLEXCHANGE/cn=Recipients/cn=birsicte]; Mike Jackson [Mike_Jackson@murphyoilcorp.com]; Dale Smart [Dale_Smart@murphyoilcorp.com]; Laura Pappenfus [Laura_Pappenfus@murphyoilcorp.com]; John Nelson [john.nelson@foster.com] |
| **Subject**: | Murphy Oil: Montana Lawsuits |
| **Attachments**: | Final Order on Dispositive Motions.pdf |

Ms. Schlerf:

Attached please find a recent order from the Murphy v. Ballard arbitration. As you will see, the Panel ruled that: (a) Plaintiffs' claims in Zimmerman and Lockman fall within Ballard's obligations to defend and indemnify Murphy under the Purchase and Sale Agreement; and (b) Ballard is in breach of its duty to defend Murphy, subject to Ballard's reservation of rights. Resolution of claims for the costs of Murphy's defense, however, are reserved for the final award.

Jeff


**K&L GATES**

Jeffrey J. Meagher
Partner
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Phone: 412-355-8359
Fax: 412-355-6501
jeffrey.meagher@klgates.com
www.klgates.com

MURPHY_00017211

In the Matter of the Arbitration Between

**MURPHY EXPLORATION & PRODUCTION CO.**,
a Delaware corporation,

Claimant,

and

**BALLARD PETROLEUM HOLDINGS, LLC**,
a Montana limited liability company,

Respondent.

---

**ORDER ON DISPOSITIVE MOTIONS**

---

Pursuant to the agreed Initial Scheduling Order dated May 10, 2022, the Parties timely filed dispositive motions as follows: Murphy's Motion for Declaratory Relief and Ballard's Motion for Partial Summary Judgment under PSA § 9.4 and for Murphy's claims based on Ballard's post-closing conduct.

As provided for in the Initial Scheduling Order, Ballard filed requests for discovery. Murphy opposed Ballard's request and elected not to file such a request. By order dated July 9, 2022, the Panel denied Ballard's request for discovery.

After four rounds of briefing, including the submissions of extensive memoranda of law, supporting exhibits, legal authorities and declarations of witnesses, the motions came on for argument as originally scheduled at a hearing via Zoom on October 7, 2022. Prior to the hearing, the Parties provided agreed responses to questions from the Panel on hearing procedures and both

Parties submitted demonstrative exhibits. At the hearing, argument on behalf of Murphy was presented by Mr. Weythman and on behalf of Ballard by Mr. Sterup. Both counsel responded to questions from the Panel.

As part of their agreed responses on hearing procedures, the Parties informed the Panel that they did not believe that an order providing findings and conclusions was necessary but that both would submit proposed orders setting forth the precise relief that each sought. The Parties subsequently informed the Panel that they had agreed that there was no need for a reasoned decision on the motions, and both submitted forms of orders as previously indicated.

The Panel does not agree with the forms of order submitted by either Party as such. Instead, we will address the items included in the two forms submitted to ensure that all issues are resolved insofar as possible at this stage of the proceeding. In accordance with the wishes of the Parties, this Order will not provide reasons for the results announced except to the extent necessary to make the scope of our rulings clear. While not set forth in this order, the three arbitrators engaged in extensive discussion concerning the reasons for their conclusions.

Based upon the arguments and authorities submitted by the Parties and the applicable law, and finding that there are no disputed issues of material fact as to the following, by decision of the majority of the arbitrators, it is therefore ORDERED and DECLARED that:

1. Ballard's Motion for Partial Summary Judgment based on section 9.4 of the Purchase and Sale Agreement ("PSA") between Murphy and Ballard is DENIED. Ballard's interpretation of section 9.4 is overly broad and inconsistent with the terms of the PSA read as a whole.

2. Plaintiffs' claims in *Zimmerman, Inc., et al.* v. *Murphy Exploration & Production Co., et al.,* Case No. 4:20-CV-00068-BMM and *Lockman, et al. v. Pioneer Natural*

MURPHY_00017213

*Resources USA, Inc., et al.,* Case No. 4:20-CV-00067-BMM fall within Ballard's obligations to defend, indemnify, and hold harmless Murphy under the PSA.

3. Ballard is in breach of its duty to defend Murphy, subject to Ballard's reservation of rights.

4. Plaintiffs' claims in *Lockman* and *Zimmerman* do not trigger Murphy's defense and indemnity obligations under the PSA; and

5. Resolution of claims for costs and fees and for the costs of Murphy's defense are reserved for the final award.

6. After thorough deliberation among the panel, Arbitrator Stacey has concluded in part that the language of the agreement is ambiguous and for that and other reasons disagrees with the Panel's findings 1-4 and declines to join in this order.

Signed in Billings, Montana, this 4th day of January 2023.

*William H. Knull, III*
_____
William H. Knull, III
Chair

_____
Calvin J. Stacey
Arbitrator

_____
Andrew B. Derman
Arbitrator

3