# Exhibit O

Michael D. Cok
Travis W. Kinzler
Jonathan M. Cok
COK KINZLER PLLP
35 North Bozeman Ave.
Bozeman, Montana 59715
Ph:     (800) 677-6263
mikecok@cokkinzlerlaw.com
tkinzler@cokkinzlerlaw.com
jcok@cokkinzlerlaw.com

Richard J. Angell
J. Michael Bailey (*pro hac vice pending*)
PARSONS BEHLE & LATIMER
201 South Main Street, Ste. 1800
Salt Lake City, Utah 84111
Ph:     (801) 532-1234
rangell@parsonsbehle.com
mbailey@parsonsbehle.com

Trent M. Gardner
Kyle W. Nelson
GOETZ, BALDWIN & GEDDES, P. C.
35 North Grand /P.O. Box 6580
Bozeman, Montana 59771-6580
Ph:     (406) 587-0618
tgardner@goetzlawfirm.com
knelson@goetzlawfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA,
# GREAT FALLS DIVISION

| | |
|---|---|
| ZIMMERMAN, INC., DUN O'CONNOR, and FAITH M. O'CONNOR,<br><br>Plaintiffs,<br><br>v.<br><br>MURPHY EXPLORATION & PRODUCTION CO., a Delaware corporation, MURPHY OIL USA, INC., a Delaware corporation, MURPHY OIL CORPORATION, a Delaware corporation, and JOHN DOES 1–30, inclusive,<br><br>Defendants. | Case No. CV-20-68-GF-BMM-JTJ<br><br>Hon. Brian M. Morris<br><br>**PLAINTIFFS' INITIAL DISCLOSURE** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the parties' agreement during their Rule 26(f) discovery conference, Plaintiffs Zimmerman, Inc., Dun O'Connor and Faith O'Connor (Plaintiffs) submit their initial disclosures based on information reasonably available to them. Plaintiffs make these disclosures without prejudice to their right to later amend or supplement any aspect of these initial disclosures. As additional information is discovered, Plaintiffs will supplement or amend their initial disclosures pursuant to Rule 26(e).

A. **The name and, if known, address and telephone number of each individual likely to have discoverable information—along with the subjects of the information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

At this time, Plaintiffs believe the following individuals have information that Plaintiffs may use to support their claims, unless used solely for impeachment:

1. Bill Zimmerman, Sidney, Montana, c/o Cok Kinzler PLLP, 35 North Bozeman Ave., Bozeman, Montana, (800) 677-6263. Mr. Zimmerman has information related to Plaintiff Zimmerman, Inc.'s real property located in the East Poplar Oilfield, including Sections 2 and 10, Township 28 North, Range 51 East, M.P.M. Mr. Zimmerman is also generally aware that the Defendants operated various oil production activities on Zimmerman, Inc.'s property.

2. Jim Zimmerman, Sidney, Montana, c/o Cok Kinzler PLLP, 35 North Bozeman Ave., Bozeman, Montana, (800) 677-6263. Mr. Zimmerman has information related to Plaintiff Zimmerman, Inc.'s real property located in the East Poplar Oilfield, including Sections 2 and 10, Township 28 North, Range 51 East, M.P.M. Mr. Zimmerman is also generally aware that the Defendants operated various oil production activities on Zimmerman, Inc.'s property.

3. Lani Zimmerman, Sidney, Montana, c/o Cok Kinzler PLLP, 35 North Bozeman Ave., Bozeman, Montana, (800) 677-6263. Ms. Zimmerman has information related to Plaintiff

Zimmerman, Inc.'s real property located in the East Poplar Oilfield, including Sections 2 and 10, Township 28 North, Range 51 East, M.P.M. Ms. Zimmerman is also generally aware that the Defendants operated various oil production activities on Zimmerman, Inc.'s property.

4. Shauna Zimmerman, Sidney, Montana, c/o Cok Kinzler PLLP, 35 North Bozeman Ave., Bozeman, Montana, (800) 677-6263. Ms. Zimmerman has information related to Plaintiff Zimmerman, Inc.'s real property located in the East Poplar Oilfield, including Sections 2 and 10, Township 28 North, Range 51 East, M.P.M. Ms. Zimmerman is also generally aware that the Defendants operated various oil production activities on Zimmerman, Inc.'s property.

5. Angie Zimmerman, Sidney, Montana, c/o Cok Kinzler PLLP, 35 North Bozeman Ave., Bozeman, Montana, (800) 677-6263. Ms. Zimmerman has information related to Plaintiff Zimmerman, Inc.'s real property located in the East Poplar Oilfield, including Sections 2 and 10, Township 28 North, Range 51 East, M.P.M. Ms. Zimmerman is also generally aware that the Defendants operated various oil production activities on Zimmerman, Inc.'s property.

6. Dun O'Connor, Poplar, Montana, c/o Cok Kinzler PLLP, 35 North Bozeman Ave., Bozeman, Montana, (800) 677-6263. Mr. O'Connor has information related to his real property located in the East Poplar Oilfield, including Section 9, Township 28 North, Range 51 East, M.P.M. Mr. O'Connor is also generally aware that the Defendants operated various oil production activities on his property.

7. Faith O'Connor, Poplar, Montana, c/o Cok Kinzler PLLP, 35 North Bozeman Ave., Bozeman, Montana, (800) 677-6263. Mrs. O'Connor has information related to her real property located in the East Poplar Oilfield, including Section 9, Township 28 North, Range 51

East, M.P.M. Mrs. O'Connor is also generally aware that the Defendants operated various oil production activities on her property.

8. Doreen Steen, Billings, Montana, (406) 781-1634. Ms. Steen is Dun O'Connor's sister and may have information related to the real property located in the East Poplar Oilfield, including Section 9, Township 28 North, Range 51 East, M.P.M.

9. Defendants Murphy Exploration & Production Company, Murphy Oil USA, Inc., and Murphy Oil Corporation employees, c/o Leonard Smith, Crowley Fleck, 490 N. 31st Street, Billings, Montana, (406) 252-3441. Defendants' current and former employees likely have information related to Defendants' oil production activities on Zimmerman, Inc.'s and the O'Connors's properties, including information related to the contamination on both the surface and sub-surface of those properties.

10. Defendants Murphy Exploration & Production Company, Murphy Oil USA, Inc., and Murphy Oil Corporation corporate Rule 30(b)(6) designee(s) with knowledge of each individual well on or around Plaintiffs' properties.

11. Defendants Murphy Exploration & Production Company, Murphy Oil USA, Inc., and Murphy Oil Corporation corporate Rule 30(b)(6) designee(s) with knowledge of Defendants' responses to the various U.S. Environmental Protection Agency enforcement actions related to the East Poplar Oilfield.

12. Defendants Murphy Exploration & Production Company, Murphy Oil USA, Inc., and Murphy Oil Corporation corporate Rule 30(b)(6) designee(s) with knowledge of Defendants' drilling and other oilfield operations and activities on or around Plaintiffs' properties.

13. Sidney Campbell, Defendant Murphy Exploration & Production Company, Montgomery, Texas, (713) 516-2703. Mr. Campbell is the current or former onshore production manager for Defendant Murphy Exploration & Production Company and likely has information related to Defendants' oil production activities on Zimmerman, Inc.'s and the O'Connors's properties, including information related to the contamination on both the surface and sub-surface of those properties.

14. Ray Reede, current address and phone number unknown. Mr. Reede is a former supervisor for the various Murphy Defendants and likely has information related to Defendants' oil production activities on Zimmerman, Inc.'s and the O'Connors's properties, including information related to the contamination on both the surface and sub-surface of those properties.

15. Jim Corne, current address and phone number unknown. Mr. Corne is a former employee of the various Murphy Defendants and likely has information related to Defendants' oil production activities in the East Poplar Oilfield.

16. Jimmy Simmons, current address and phone number unknown. Mr. Simmons is, upon information and belief, a former employee of the various Murphy Defendants and likely has information related to Defendants' oil production activities in the East Poplar Oilfield.

17. Sharon Bravard, current address unknown and phone number unknown. Ms. Bravard is a former or current employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

18. Harvey Sandau, current address unknown and phone number unknown. Mr. Sandau is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

19. Tim Trottier, current address and phone number unknown. Mr. Trottier is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

20. Howard Anderson, current address and phone number unknown. Mr. Anderson is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

21. Fred Beebe, current address and phone number unknown. Mr. Beebe is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

22. Gary Grainger, current address and phone number unknown. Mr. Grainger is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

23. Terry Ross, current address and phone number unknown. Mr. Ross is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

24. Jerry Hagadone, current address and phone number unknown. Mr. Hagadone is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

25. Dwaine Hagadone, current address and phone number unknown. Mr. Hagadone is a former employee or contractor for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

26. William Brown, current address and phone number unknown. Mr. Brown is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

27. Gerald Leinen, current address and phone number unknown. Mr. Leinen is a former employee for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

28. Shane Corne, current address and phone number unknown. Mr. Corne is a former employee or contractor for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

29. Howard Azure, current address and phone number unknown. Mr. Azure is a former employee or contractor for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

30. Allen Hagadone, current address and phone number unknown. Mr. Hagadone is a former employee or contractor for the various Murphy Defendants and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

31. Dennis Simmons, current address and phone number unknown. Mr. Simmons is believed to be a former employee of various oil production companies in the East Poplar Oilfield and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

32. Employees and/or representatives of the Murphy Defendants and/or other entities which operated or were otherwise involved in oilfield activities in or around the East Poplar Oilfield whose identities may be identified during the discovery process.

33. Joanna N. Thamke, U.S. Geological Survey, Wyoming-Montana Water Science Center, 3162 Bozeman Ave., Helena, Montana, (406) 457-5923. Ms. Thamke is a supervisory hydrologist for the U.S. Geological Survey Groundwater and Surface Water Section. Ms. Thamke has information related to the scope and extent of the brine contamination in the shallow aquifers in and near the East Poplar Oilfield, including the contamination in and around the Zimmerman, Inc. and O'Connor properties.

34. Dr. Bruce D. Smith, U.S. Geological Survey, Denver Federal Center, Bld. 20, Rm. B2115D, Denver, Colorado, (303) 236-1399. Dr. Smith is a scientist with the U.S. Geological Survey's Geology Geophysics and Geochemistry Science Center. Dr. Smith has information related to the scope and extent of the brine contamination in the shallow aquifers in and near the East Poplar Oilfield, including the contamination in and around the Zimmerman, Inc. and O'Connor properties.

35. Nathan Wiser, U.S. Environmental Protection Agency, 1595 Wynkoop Street, Denver, Colorado, (303) 312-6211. Mr. Wiser is a U.S. Environmental Protection Agency environmental justice enforcement and compliance officer. Mr. Wiser has information related to the several EPA enforcement actions initiated against the Defendants regarding the groundwater contamination in and near the East Poplar Oilfield, including the contamination in and around the Zimmerman, Inc. and O'Connor properties.

36. Christa Tyrell, formerly with the Office of Environmental Protection (OEP), Fort Peck Assiniboine & Sioux Tribes, current address and phone number unknown. Ms. Tyrell is a former OEP Water Quality Division employee. Ms. Tyrell has information related to the scope and

extent of the brine contamination in the shallow aquifers in and near the East Poplar Oilfield, including the contamination in and around the Zimmerman, Inc. and O'Connor properties.

37. Deb Madison, formerly with the Office of Environmental Protection (OEP), Fort Peck Assiniboine & Sioux Tribes, current address and phone number unknown. Ms. Madison is a former OEP Water Quality Division employee. Ms. Tyrell has information related to the scope and extent of the brine contamination in the shallow aquifers in and near the East Poplar Oilfield, including the contamination in and around the Zimmerman, Inc. and O'Connor properties.

38. Laura Alvey, Montana Department of Environmental Quality (DEQ), Helena, Montana, (406) 841-5062. Ms. Alvey is (or was) a compliance specialist for the DEQ Groundwater Remediation Program. Ms. Alvey may information related to the scope and extent of the brine contamination in the shallow aquifers in and near the East Poplar Oilfield, including the contamination in and around the Zimmerman, Inc. and O'Connor properties.

39. Michael Jacobs, formerly with Pioneer Natural Resources USA, Inc., Midland, Texas, (32) 305-1960. Mr. Jacobs is was an environmental remediation advisor for Pioneer Natural Resources USA, Inc. Mr. Jacobs likely has information related to the scope and extent of the brine contamination in the shallow aquifers in and near the East Poplar Oilfield, as well as remediation efforts in the East Poplar Oilfield.

40. Robert Schaffitzel, current address and phone number unknown. Mr. Schaffitzel is a former district engineer for Samson Resources Company and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

41. Ted Nees, current address and phone number unknown. Mr. Nees is believed to be a former production manager for W.R. Grace Petroleum and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

42. Brad and Chanel Johnson, Poplar, Montana, current phone number unknown. The Johnsons own property near property owned by Plaintiff Zimmerman, Inc. and may have information related to Defendants' oil production activities in the East Poplar Oilfield.

43. Any other witnesses identified or deposed by any other party during the course of this case.

As discovery continues, additional fact witnesses may be identified. These initial disclosures will be supplemented as new information is discovered.

B. **A copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs have the following documents, electronically stored information, and tangible things in their possession, custody or control and may use them to support their claims or defenses, unless the use would be solely for impeachment:

1. <u>Documents from the U.S. Environmental Protection Agency.</u> These are primarily documents that were transmitted to Plaintiffs' counsel in response to a request under the Freedom of Information Act. This category of documents contains a voluminous number of pages.

2. <u>Documents from the U.S. Bureau of Indian Affairs.</u> These are primarily documents that were transmitted to Plaintiffs' counsel in response to a request under the Freedom of Information Act.

10

3.      <u>Documents from the U.S. Bureau of Land Management.</u> These are primarily documents that were transmitted to Plaintiffs' counsel in response to a request under the Freedom of Information Act.

4.      <u>Documents from the U.S. Geological Survey.</u> These are primarily documents that were transmitted to Plaintiffs' counsel in response to a request under the Freedom of Information Act.

5.      <u>Documents from the Fort Peck Agency of the Fort Peck Assiniboine & Sioux Tribes.</u> These are primarily documents that were transmitted to Plaintiffs' counsel in response to a request under the Freedom of Information Act.

6.      <u>Documents from the Montana Bureau of Oil and Gas Conservation ("BOGC").</u> These are primarily documents that were transmitted to Plaintiffs' counsel in response to a request pursuant to Montana's right to know laws.

7.      <u>Documents from the Montana Department of Environmental Quality.</u> These are primarily documents that were transmitted to Plaintiffs' counsel in response to a request pursuant to Montana's right to know laws.

8.      <u>Site data and BOGC records regarding wells on or adjacent to the properties owned by Zimmerman, Inc.</u>

9.      <u>Site data and BOGC records regarding wells on or adjacent to the properties owned by Dun and Faith O'Connor.</u>

10.     <u>Various imagery, photos and maps regarding the properties owned by Plaintiffs.</u>

11.     <u>Other documents from Plaintiffs</u>.

12. <u>Various additional documents pertaining to the U. S. Environmental Protection Agency</u>.

13. <u>Various additional documents pertaining to the relevant properties</u>.

Plaintiffs reserve their right to use or rely on any other records, files or documentation identified, disclosed, or produced by any other party during the course of this case. Documents in specific categories above will be transmitted to Defendants within a reasonable period of time upon request.

C. **<u>A computation of each category of damages by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injury suffered.</u>**

Plaintiffs have suffered damages in the form of costs and expenses necessary to cleanup and restore the brine, crude oil and other production wastes that have entered or otherwise impacted their properties. Plaintiffs have also lost use, enjoyment and value of their properties because of impacts on surface water, soils and sediments, and groundwater. Plaintiffs' Complaint and Demand for Jury Trial (Doc. 1), which is incorporated by reference, sets forth Plaintiffs' claimed and requested damages, which Plaintiffs believe constitute damages to their real properties. Specifically, these damages include, but are not limited to:

- compensation for restoration of soil and groundwater so that the contamination caused by the Defendants' acts is reasonably abated from Plaintiffs' properties and the related damages, including loss of use, enjoyment, value and annoyance and discomfort over the loss and prospective loss of their ways of life, are reasonably abated from Plaintiffs' properties;

- equitable relief authorizing Plaintiffs to implement restoration of their properties and requiring Defendants to abate any continuing releases of brine, crude oil and other production wastes from wells, pipelines, tanks, and pits;

- compensation for Plaintiffs' costs incidental to the contamination, such as analysis and testing costs to determine the nature and extent of the contamination;

- attorneys' fees and costs as may be allowable by law; and

- punitive damages pursuant to Mont. Code Ann. §§ 27-1-220 and -221 in an amount sufficient to punish Defendants and to encourage Defendants, and others similarly situated, to refrain from engaging in such malicious and oppressive conduct in the future.[1]

Plaintiffs will retain experts to prepare a property restoration plan concerning what will be necessary to restore substantially the Plaintiffs to their pre-tort position and fully calculate Plaintiffs' damages in expert reports of their opinions and the basis and reasons for them. These reports are not yet completed. Plaintiffs will supplement their damage information as discovery progresses.

In the meantime, and in an effort to disclose as much preliminary damage information as possible, Plaintiffs anticipate that restoring their property will require coordinated cleanup of both soil and groundwater. As noted above, Plaintiffs are still determining both the cleanup

---

[1] Plaintiffs' properties have been in their respective families for generations. They have many memories of growing up farming and ranching their lands and have no plans to sell. But the presence of brine, crude oil and other oil production wastes below the ground has them concerned about the potential impacts to their properties and their various family farming/ranching operations. They desire to have the contamination on their properties cleaned up to the greatest extent possible to eliminate those threats.

methodologies and volumes of contaminated soil and groundwater that can be reasonably cleaned up. Although Plaintiffs are evaluating various potential soil remediation options to determine the most reasonable and cost-effective method, excavation and disposal of contaminated soil and replacement with appropriate noncontaminated topsoil typically costs between approximately $90 and $150 per bank cubic yard. Soil washing or scrubbing alternatives typically cost between approximately $150 and $175 per bank cubic yard. Given the depth and spatial distribution of the contamination, these estimated costs may be revised and will be further refined during discovery.

Likewise, Plaintiffs are evaluating groundwater treatment alternatives including remediation of migrating, mobile and residual light non-aqueous phase liquid (LNAPL) and dissolved-phase hydrocarbon plumes related to crude oil impacts. In order to remove LNAPL from Plaintiffs' properties to the best extent scientifically possible, typical remediation strategies used in the oil production industry are not appropriate and more aggressive strategies must be implemented. Unit costs for hydrocarbon remediation are dictated by areal extent and thickness of LNAPL and dissolved-phase plume size. Brine contamination cleanup alternatives may include, by way of example, combinations of advanced filtration, weak acid cation exchange softening, UV disinfection, low-pressure reverse osmosis (RO), antiscalant addition, seawater/high pressure (RO), evaporation, and crystallization. Brine remediation typically costs between $0.24 and $0.30 per barrel, not counting capital costs which are dependent on size and distribution of treatment locations for brine-contaminated groundwater that are still being determined. Brine treatment usually involves surface soils only. As a result, flushing of the aquifer and water treatment may be required increasing the unit costs by as much as 50%.

Defendants' past experience in the East Poplar Unit provides them with detailed information about the volume of contaminated soil and groundwater that needs to be remediated to restore Plaintiffs' property as closely as possible to its pre-tort position. Earlier investigations performed by governmental agencies have estimated that brine contamination affects between 15-37 billion gallons of groundwater in and around the East Poplar Unit, which encompasses Plaintiffs' property. Previous governmental enforcement actions against Defendants related to groundwater contamination have required Defendants to estimate the volumes of impacted groundwater. Those estimates inform the amount of damages at issue in this case. Similarly, more than 100,000 cubic yards of soil may require treatment or replacement, although it is too early to provide an accurate estimate until reports of expert opinions are disclosed in accordance the schedule established by the Court.

As Defendants are aware, restoration damages are a matter of degree under Montana law. "A tortfeasor should not avoid liability for his contamination simply because his misdeeds cannot be undone completely. The degree of abatement determines instead whether permanent damages can be ascertained. When no further abatement is reasonable, the injury is complete, and the injury is permanent. The trier of fact must consider whether the reduction or decrease in the nuisance would be reasonable based on the same factors that we earlier have discussed, ¶ 89, regarding abatability." *Burley v. Burlington N. & Santa Fe Ry. Co.*, 2012 MT 29 ¶ 98, 364 Mont. 77, 273 P.3d 825. Plaintiffs will disclose further details about the degree of abatement that can be reasonably achieved based upon information developed during discovery – both acquired directly by Plaintiffs and from Defendants.

**D.  Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs are aware of none at this time, though they anticipate the Defendants are insured for this claim.

DATED this 1st day of December, 2020.

By:_____
Michael D. Cok
Travis W. Kinzler
Jonathan M. Cok
COK KINZLER PLLP

Trent M. Gardner
Kyle W. Nelson
GOETZ, BALDWIN & GEDDES, P.C.

Richard J. Angell
J. Michael Bailey (*pro hac vice pending*)
PARSONS BEHLE & LATIMER

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record, by the means designated below, this 1st day of December, 2020.

| | |
|---|---|
| ■ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Via fax:<br>■ E-mail: | Leonard H. Smith<br>Crowley Fleck<br>500 Transwestern Plaza II<br>490 N. 31st St., PO Box 2529<br>Billings, MT 59103<br>lsmith@crowleyfleck.com |
| ■ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Via fax:<br>■ E-mail: | John Ray Nelson<br>Foster Garvey PC<br>618 W. Riverside, Ste. 300<br>Spokane, WA 99201<br>john.nelson@foster.com |
| ■ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Via fax:<br>■ E-mail: | Scott M. DuBoff<br>Foster Garvey PC<br>1000 Potomac Street, NW<br>Washington, DC 20007<br>scott.duboff@foster.com |

_____
Kyle W. Nelson