# **<u>Exhibit Q</u>**



Janis E. Schlerf
**Senior Account Executive**
443-353-2220
E-mail :
jschlerf@travelers.com

111 Schilling Road
Hunt Valley, Maryland 21031

August 12, 2022

Via Email

Thomas E. Birsic
Partner
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Thomas.birsic@klgates.com

RE:

**Insured:**     Murphy Oil Corporation ("Murphy Oil")
**Lawsuits:**    Zimmerman, Inc. et al v. Murphy Exploration & Production Co, Inc. et al.
                 USDC, State of Montana, Great Falls Division, Case No. CV-20-68-GF-
                 BMM-JTJ ("Zimmerman Lawsuit")

                 Michael E. Lockman, et al., v. Pioneer Natural Resources, USA, Inc. et al. al
                 v. Murphy Exploration & Production Co, Inc. et al. USDC, State of Montana,
                 Great Falls Division, Case No. 4:20-cv-00067-BMM-JTJ
                 ("Lockman Lawsuit")

                 (Collectively referred to herein as the "Montana Lawsuits")

Dear Mr. Birsic:

This letter is in response to your letter dated July 19, 2022, regarding the above referenced matter.

As you are aware, we have agreed to participate in the defense of Murphy with regard to the
Montana Lawsuits, under certain policies issued by United States Fidelity and Guaranty Company
("USF&G") subject to a complete reservation of all rights and defenses, as stated in our
correspondence, dated September 2, 2021.  As noted in our letter dated September 2, 2021, our
agreement to defend Murphy Oil with respect to the Montana Lawsuits is expressly limited to the
payment of reasonable and necessary defense costs and expenses incurred after the date of tender to
USF&G on October 15, 2020.

As I advised in my June 28, 2022, letter, based on the rationale, as detailed in your letters dated October

20, 2021, and April 7, 2022, we agreed to pay two law firms to protect Murphy Oil's interest in the Montana Lawsuits; one national counsel, Foster Garvey, and one local counsel, Crowley Fleck. This agreement is without waiver of any of our defenses, including, without limitation, the right to assert that the use of two law firms, and staffing of 10 billers is not reasonable or necessary for the defense of Murphy Oil in the Montana Lawsuits. USF&G's decision to pay two law firms to defend Murphy Oil in the Montana Lawsuits should not be considered precedential for this matter or any future matters.

As we have also advised, based on hourly rates we are currently paying partners, associates and paralegals involved in similar litigation in the same geographic area - we our maintaining our position that the following are reasonable rates that we will agree to pay:

| Law firm | Partner Rate | Associate Rate | Paralegal Rate |
|---|---|---|---|
| Foster Garvey | $425 | $330 | $175 |
| Crowley Fleck | $250 | $200 | $110 |

In your July 19, 2022 letter you request additional information to support the rate we pay to partners, associates and paralegals "involved in similar litigation in the same geographic area."
The rates we pay specific law firms for particular cases are confidential and proprietary information. However, we have reviewed billing rates being paid in other Montana cases and can advise that for cases similar to this one pending in Montana we are typically paying defense firms at a rate of $250/200/110 and we have other matters for which we are paying less.

Please note that with respect to the Foster Garvey rates we made concessions and agreed to pay a higher rate because the attorneys are located in either Seattle, WA or Washington, D.C and not in Montana. We note that we do not necessarily agree that it is reasonable and/or necessary to use attorneys located in these other cities where attorney rates tend to be higher than other areas, including Montana. Thus, the concession as to rate and staffing should not be considered precedential for this matter or any future matters.

As we advised in our June 28, 2022 letter, as part of our review of the invoices we used the Travelers Companies, Inc. U.S. Retention and Billing Policy for Outside Counsel (the "Billing Guidelines"), as a guideline to assist us in determining whether the incurred defense-related costs and fees are reasonable and necessary.

In your July 19, 2022 letter you also requested itemized explanation of any deductions made to the defense costs submitted. Attached please find spreadsheets and marked up invoices with respect to the Foster Garvey deductions in addition to the rate adjustments. For the Crowley Fleck invoices we did not make any deductions, other than the rate adjustment.

With respect to the Foster Garvey review please note the following:

- **Block billing** – The entire bills submitted were block billings. Counsel needs to provide a breakdown of each task completed separately, and the exact time spent completing said tasks so that we can determine how much time was spent

in completing the tasks, and if appropriate since some tasks will take longer or lesser time than others. No deductions were made for this issue on these bills

- **Hours** – starting from bills received March 2021 – June 2021 deductions were made as hours billed were excessive especially by Of Counsel Chloe Villagomez. This issue also tied in with block billing as it was impossible to determine the exact time spent completing each task. Some hours billed for certain tasks appeared excessive. (an example on 0319/2021 attorney Chloe Villagomez billed 17.60 hours in one day for " Continue drafting response to motion. Call with team and client".

- **Partners** – Partners were performing legal research. Such a function is typically done by an Associate.

- **Minimally Descriptive Tasks**  many of the tasks were lacking clear description. For example, "reviewed documents", "attended team meeting" … what was the purpose of these tasks? Are they related to the defense of this case? Counsel needs to be more descriptive with tasks completed for transparency to client on work completed and relatedness to matter.

- **Not billable Tasks** –billing for non-substantive legal task. For example, discussing rates with vendors, scanning of documents, creating spreadsheets not relating to the defense of this case, and many other non-legal tasks. Generally, for a paralegal's work to be billable, it must be legal in nature, and include legal research and writing, factual investigation, legal document preparation, corresponding with and obtaining information from clients, and/or attending court proceedings.

If you would like to resubmit any invoices with deductions made for block billing or minimally descriptive tasks, please modify the entries and provide more fulsome explanation of services.  We will review and if appropriate, pay such reasonable and necessary fees.

USF&G continues to reserve all of its rights and defenses.  Neither this correspondence nor any future correspondence should be deemed as a waiver of any rights and defenses nor as an admission of coverage.

Should you have any questions or concerns, please feel free to contact me.

Very truly yours,

Janis E. Schlerf
Senior Account Executive

Enc.

MURPHY_00022915