IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MURPHY EXPLORATION & PRODUCTION CO., a Delaware corp., MURPHY OIL USA, INC., a Delaware Corp., MURPHY OIL CORPORATION, a Delaware Corp.<br><br>Third Party Plaintiffs,<br><br>v.<br><br>BALLARD PETROLEUM HOLDINGS, LLC, a Montana Limited Liability Company,<br><br>Third-Party Defendants<br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY, a Connecticut Corporation,<br><br>Intervenor Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>BALLARD PETROLEUM HOLDINGS, LLC,<br><br>Intervenor Defendant / Counterclaim Plaintiff / Third-Party Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>VIGILANT INSURANCE COMPANY and FEDERAL INSURANCE COMPANY, | CV-20-67-GF-BMM<br><br>ORDER ON BALLARD PETROLEUM HOLDING LLC'S MOTION FOR SUMMARY JUDGMENT |

1

| Third-Party Defendant /Counterclaim Plaintiffs. | |

Ballard Petroleum Holdings, LLC moves for summary judgment against United States Fidelity Guaranty Company ("USFG") to determine who must pay the defense costs of Murphy Exploration and Production Co. ("Murphy"). (Doc. 369.)

Pursuant to the Court's order on USFG's motion for summary judgment against Ballard and Murphy, the Court granted, in part, and denied, in part, Ballard's motion for summary judgment against USFG. (*See* Doc. 412.) Both Ballard and USFG have independent contractual duties to fund Murphy's defense against the *Lockman* and *Zimmerman* suits. USFG, as the insurer, bears the primary responsibility to cover Murphy's defense costs. (*Id*. at 10, citing *DeTienne Assocs. Ltd. Partnership v. Farmers Union Mut. Ins. Co.*, 879 P.2d 704, 709 (Mont. 1994).)

USFG may not assert a claim for subrogation against Ballard unless and until USFG fully reimburses Murphy for its submitted defense costs. The Court may be required to conduct further proceedings on USFG's claim for equitable relief if USFG were to make Murphy whole. The Court would be required at that time to resolve USFG's right to subrogation against Ballard. Accordingly, the Court declines to review Ballard's assertions regarding derivative subrogation unless and until USFG fully reimburses Murphy. (*See* Doc. 370 at 8).

USFG continues to assert that equitable contribution proves inapplicable to the case. (Doc. 381 at 26.) The Court declines to review a claim not yet asserted by a party in its defense.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

1. Ballard's motion for Summary Judgment against USFG (Doc. 369) is **GRANTED**, in part, and **DENIED**, in part.

    A. Both Ballard and USFG assumed independent contractual obligations to Murphy.

    B. USFG must make Murphy whole before pursuing a claim for equitable subrogation.

    C. The Court declines to review any claims regarding the sharing of Murphy's defense costs unless and until USFG fully reimburses Murphy.

**DATED** this 17th day of October, 2025.

Brian Morris, Chief District Judge
United States District Court