# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MURPHY EXPLORATION & PRODUCTION CO., a Delaware corp., MURPHY OIL USA, INC., a Delaware Corp., MURPHY OIL CORPORATION, a Delaware Corp.<br><br>Third Party Plaintiffs,<br><br>     v.<br>BALLARD PETROLEUM HOLDINGS, LLC, a Montana Limited Liability Company,<br><br>Third-Party Defendants<br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY, a Connecticut Corporation,<br><br>Intervenor Plaintiff / Counterclaim Defendant,<br><br>     v.<br>BALLARD PETROLEUM HOLDINGS, LLC,<br><br>Intervenor Defendant / Counterclaim Plaintiff / Third-Party Plaintiff / Counterclaim Defendant,<br><br>     v.<br>VIGILANT INSURANCE COMPANY and FEDERAL INSURANCE COMPANY, | CV-20-67-GF-BMM<br><br>ORDER ON<br>MOTION TO REMOVE FACTUAL FINDING |

1

Third-Party Defendant /Counterclaim Plaintiffs.

## INTRODUCTION AND BACKGROUND

Ballard Petroleum Holdings, LLC ("Ballard") filed a motion to remove and/or amend a factual finding in the Court's Order (Doc. 411) pursuant to Fed. R. Civ. P. 60. (Doc. 420.) Murphy and Ballard Petroleum Holdings, LLC ("Ballard") executed a 2002 Purchase and Sale Agreement ("2002 PSA") under which Ballard acquired Murphy's interests in the East Poplar Oilfield in Montana. (Doc. 372 at ¶ 1.) Ballard agreed to indemnify Murphy in the 2002 PSA. Ballard purchased the property for a $2 million price reduction. The Environmental Protection Agency ("EPA") identified environmental contamination caused by Murphy's oil and gas operations in the East Poplar Oil Field ("EPOF") around 1999-2000.

The Court, in its October 10, 2025, cross-motions for summary judgment order stated that: "Ballard agreed to indemnify Murphy for its pre-closing contamination in exchange for a $2 million reduction in the [purchase] price." (Doc. 411 at 12.) Ballard disputes this fact and seeks the Court to remove this factual finding from its Order. (Doc. 421 at 2-3.)

## LEGAL STANDARD

A "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the

record." Fed. R. Civ. P. 60(a). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect. . .;

    (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b)

## DISCUSSION

Ballard disputes that it agreed to purchase the EPOF for $2 million less in exchange for assuming Murphy's liabilities. (Doc. 421 at 6.) Ballard contends that the reduction in purchase price reflects a reduction in oil reserves and changes in market prices. (Doc. 421 at 3.) The Arbitration panel included the same factual finding in its arbitral order. Ballard submitted a sworn Declaration of its signatory to the 2002 PSA, indicating that the 2002 purchase price of the EPOF "did not include any discount for Ballard's assumption of EPU contamination." (Doc. 338-8.) The Arbitration panel acknowledged the factual finding had been made in error. (Doc. 421 at 5; Doc. 338-9 at 7.)

The Court acknowledges that the factual finding that Ballard purchased the EPOF for a $2 million price reduction in exchange for assuming Murphy's liabilities proves disputed by Ballard. The Court modifies the Court's Summary

Judgment Order (Doc. 411 at 12) to reflect that Ballard disputes the factual finding on the reasons for the price reduction.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Ballard's Motion to amend a factual finding from the Court's order (Doc. 420) is **GRANTED**. The Court's Order (Doc. 411 at 12) will read: "Murphy alleged to the Arbitration panel that Ballard agreed to indemnify Murphy for its pre-closing contamination in exchange for a $2 million reduction in the purchase price. Ballard contends that it received the $2 million reduction to reflect the reduction to the oil reserves and changes in market prices, not to reflect an assumption of liability. Regardless, Ballard's assumption of Murphy's liability was for the pre-closing conduct by Murphy on the EPOF prior to Ballard owning the EPOF as an 'insured site.'"

**DATED** this 12th day of November 2025.

_____
Brian Morris, Chief District Judge
United States District Court