**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MURPHY EXPLORATION & PRODUCTION COMPANY, et al., <br><br>　　　Third-Party Plaintiff(s), <br><br>v. <br><br>BALLARD PETROLEUM HOLDINGS, LLC, et al., <br><br>　　　Third-Party Defendant(s) <br>_____ <br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY, <br>　　　Intervenor Plaintiff / <br>　　　Counterclaim Defendant, <br><br>vs. <br>BALLARD PETROLEUM HOLDINGS, LLC, <br>　　　Intervention Defendant/ <br>　　　Counterclaimant/Third-Party <br>　　　Plaintiff/Counterclaim <br>　　　Defendant, <br><br>vs. <br><br>VIGILANT INSURANCE COMPANY; and FEDERAL INSURANCE COMPANY, <br>　　　Third-Party Defendants/ <br>　　　Counterclaim Plaintiffs, | Cause No.: 4:20-cv-00067-BMM <br><br><br>**ORDER ON** <br>**MOTION TO INTERVENE** |

Murphy Exploration and Production Company ("Murphy") moves the Court

for leave to intervene to oppose Ballard Petroleum Holdings, LLC's ("Ballard")

Motion for Summary Judgment on Counterclaim Against United States Fidelity and Guaranty ("USFG"). (Doc. 472). Ballard opposes the motion. (Doc. 487). USFG does not oppose Murphy's intervention. (Doc. 473 at 3.)

## BACKGROUND

The Court assumes familiarity with the facts of this case and will only reiterate facts pertinent to Murphy's motion. The Court confirmed the arbitration panel's final arbitration award of $2,000,000 to Murphy for the O'Connor Settlement on March 20, 2026. (Doc. 453.) The Court determined that Ballard owed an independent contractual obligation to indemnify Murphy for its losses and costs under the plain terms of 2002 Purchase Sale Agreement ("2002 PSA") between Murphy and Ballard for the East Poplar Oilfields. (*Id*. at 8.) The Court ordered Ballard to reimburse Murphy $2,000,000 plus prejudgment interest for the O'Connor Settlement. (*Id*. at 14.)

The Court later directed the Clerk of Court to enter a final judgment for Murphy and to dismiss Murphy from the action upon the parties' stipulation under Federal Rule of Civil Procedure 54(b). (Doc. 466 at 3.) Ballard and USFG remained in the action. Murphy now moves to intervene in the action. (Doc. 472.)

## LEGAL STANDARD

Courts generally construe Federal Rule of Civil Procedure 24(a) liberally in favor of intervention. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647

F.3d 893, 897 (9th Cir. 2011). To intervene as of right under Rule 24(a)(2), an applicant must show that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 984 (9th Cir. 2008). Courts deciding motions to intervene as of right should be "guided primarily by practical considerations, not technical distinctions." *See U.S. v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted). Nonetheless, the "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

## DISCUSSION

### I.    Murphy Maintains the Right to Intervene Under Rule 24(a)

Murphy seeks to intervene to protect its interest in the property involved in Ballard's Motion for Summary Judgment. (Doc. 473 at 3.) Murphy argues that its insurer, USFG, cannot adequately represent its interests against Ballard's Motion for Summary Judgment. (*Id*.)

### A. Murphy timely moved for intervention.

Ballard contends that Murphy untimely intervenes because Murphy should have speculated that Ballard intend to seek equitable relief from USFG from its previous admissions. (Doc. 487 at 4–5.) The Court disagrees. Timeliness depends on three factors under the totality of the circumstances: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).

Murphy timely intervened to respond to Ballard's motion for summary judgment. Federal courts in Montana have allowed parties to intervene under similar circumstances. For instance, in *Helena Hunters & Anglers Ass'n v. Marten*, the Court found a party timely moved to intervene within ten days of the Court's order setting the litigation schedule. No. CV 19-106-M-DLC, 2019 WL 3973707, at *1 (D. Mont. Aug. 22, 2019). Murphy likewise sought to intervene six days after Ballard filed its motion for summary judgment.

Prejudice to the parties also appears minimal. Although Murphy recently exited the case, Murphy has been a party to this suit from the beginning of litigation. Timeliness would be an issue if Murphy had never been a party to the suit. Ballard and USFG knew of Murphy's interests in the property at issue since the inception of the case. Murphy timely seeks to intervene under the totality of the circumstances. *Alisal Water Corp.*, 370 F.3d at 921.

4

### B. Murphy presents a significant protectable interest.

Ballard argues that Murphy claims no protectable interest in Ballard's claims for equitable contribution against USFG. (Doc. 487 at 11.) To satisfy the factor of whether an applicant for intervention presents a significant protectable interest, a party must assert an interest that is "protectable under some law" and demonstrate that "there is a relationship between the legally protected interest and the claims at issue." *Helena Hunters & Anglers Ass'n*, 2019 WL 3973707 at *1 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)). A "prospective intervenor has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*. at *1–2 (quoting *Wildnerness Society v. U.S. Forest Service*, 630 F.3d 1173, 1177–80 (9th Cir. 2011)).

Murphy asserts a protectable property interest in its insurance assets with USFG. (Doc. 473 at 7.) Murphy has shown a relationship between its property interest in its insurance assets and Ballard's claims that USFG owes an equitable duty to contribute to Murphy's indemnification costs in *Zimmerman* Case No. 4:20-cv-68-BMM and *Lockman* Case No. 4:20-cv-00067-JTJ. (*Id*.) If the Court finds in favor of Ballard on its order for summary judgment, Murphy may suffer some prejudice. Murphy may lose coverage and defense benefits as USFG's

insurance defense obligations terminate upon exhaustion of its insurance policy limits. (Doc. 441 at 18.)

Ballard raises concerns involving the fundamental inequity of allowing Murphy to intervene to assert its interests in Ballard's equitable contribution claims against USFG. (Doc. 487 at 10.) To allow Murphy a voice in the proceedings would not cause fundamental inequity between the parties. Murphy does not attempt to seek double coverage from either USFG or Ballard. The Court finds that Murphy has demonstrated a significant protectable interest. *Alisal Water Corp.*, 370 F.3d at 921.

### C. Murphy's absence from the proceedings would impair its ability to protect its interests, and the existing parties do not adequately represent Murphy's interests.

The Court considers three factors to determine whether existing parties will adequately represent the applicant for intervention's interests: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceeding that the other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). The burden to demonstrate that existing parties may not adequately represent a party's interests "is minimal and is satisfied if the applicant can demonstrate that representation of

6

its interests 'may be' inadequate." *Helena Hunters & Anglers Ass'n*, 2019 U.S. Dist. LEXIS 143056, at *6.

Murphy presents arguments unique to USFG as only Murphy has standing to enforce Ballard's duty to hold Murphy harmless in the *Zimmerman* and *Lockman* suits. USFG may continue to oppose Ballard's motion for summary judgment and act in good faith as Murphy's insurer to preserve Murphy's rights under the policy. USFG has a conflict of interest against preserving the policy limits because Murphy may lose its coverage benefits once the limits are exhausted by judgments. (Doc. 441 at 18.) The Court finds that Murphy's absence from the proceedings would impair its ability to protect its interests, and the existing parties do not adequately represent Murphy's interests. *Alisal Water Corp.*, 370 F.3d at 921.

Accordingly, **IT IS HEREBY ORDERED** that Murphy's Motion to Intervene is **GRANTED**. (Doc. 472.)

DATED this 3rd day of August, 2026.

_____
Brian Morris, Chief District Judge
United States District Court